HEATHER E. WILLIAMS, Bar #122664
Federal Defender
ERIC V. KERSTEN, Bar #226429
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
CHARLES RAY BENAVIDEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHARLES RAY BENAVIDEZ,<br>Defendant. | NO. 1:13-cr-00211 AWI<br><br>DEFENDANT'S SENTENCING MEMORANDUM AND FORMAL OBJECTIONS TO ADVISORY GUIDELINE PRESENTENCE INVESTIGATION REPORT<br><br>Date: March 17, 2014<br>Time: 10:00 a.m.<br>Judge: Hon. Anthony W. Ishii |

Charles Benavidez pled guilty to a single count of sex trafficking of children for enticing a young woman to engage in prostitution less than two weeks before she turned 18 years old. Benavidez enticed the girl by telling her she could make lots of money, and she readily agreed to participate. No force, or threats, or coercion were involved.

Benavidez grew up in difficult circumstances. He never met his father, and his mother suffered from mental illness throughout his childhood. There was constant instability as Benavidez moved back and forth between mother and other relatives depending on the condition of his mother's mental health. After graduating from high school Benavidez joined the Navy and served honorably for thirteen years before committing this offense. He has no other criminal history.

//

The defense believes Mr. Benavidez' total offense level is 31. Combined with a criminal history category of I, the resulting guideline range is 108-135 months. Mr. Benavidez requests that he be sentenced to the mandatory minimum of 120 months imprisonment.

If the court calculates a total offense level of 33, the low end of the guideline range will be 135 months. If the court so calculates, Mr. Benavidez requests a downward variance to the 120-month mandatory minimum. A variance is justified by the near-adulthood of the juvenile victim, by Benavidez' difficult childhood, and by his military service.

After completing his term of imprisonment, Mr. Benavidez will serve an additional 180-month term of supervised release. Thereafter Benavidez will be required to register as a sex offender. He has also lost his career and destroyed his reputation by committing this offense. Given these circumstances, a 120-month sentence is reasonable and sufficient to achieve the purposes of punishment set forth at 18 U.S.C. § 3553(a).

**Formal Objection to Offense Level Calculations Contained in the PSR**

The parties have expressly agreed that Mr. Benavidez's conduct is governed by USSG §2G1.3, and the base offense level for his crime is 30 under USSG §2Gl.3(a)(2). The parties have further agreed that 2 levels should be added under USSG §2G1.3(b)(3)(B), because the offense involved the use of a computer or cellular phone, and that 2 additional levels should be added under USSG §2Gl.3(b)(4)(A), because the offense involved the commission of a sex act. The parties have left open the applicability of the 2-level enhancement under USSG §2Gl.3(b)(2)(B), which applies if Benavidez unduly influenced a minor to engage in a prohibited sex act. Consequently, with the 3-level reduction for acceptance of responsibility, the parties have agreed that the total offense level is either 33 or 31, under USSG §2G1.3, depending on the applicability of USSG §2Gl.3(b)(2)(B).

**1) Mr. Benavidez Did Not Unduly Influence the Victim**

Pursuant to USSG §2Gl.3(b)(2)(B), 2-level guideline enhancement applies if a defendant unduly influences a minor to engage in a prohibited sex act. Application Note 3(B) provides: Undue Influence. In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor

compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring.

> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor. USSG §2Gl.3, note 3(B).

Here, the facts overcome the rebuttable presumption. Mr. Benavidez and the girl first met on a social networking site and agreed to meet in person shortly thereafter. When they met, she was 17 years, 11 months and 2 weeks old. She was sexually active and had been on birth control for several years. Benavidez and the girl had sex in his car about 30 minutes after they met. Benavidez enticed her to engage in prostitution by telling her she could make lots of money and she readily agreed to participate. Absolutely no force, or threats, or coercion was involved.

While the victim was attending school, it was the Porterville Adult School and not a regular high school. She lived at home with her sister and mother and was not unduly vulnerable due to isolation, or homelessness, or a history of abuse. She engaged in her first act of prostitution three days after meeting Benavidez and eleven days before she turned 18. She participated for about one week when her mother then became suspicious about how she was getting her money and contacted the police. The police talked to the victim two days before she turned 18. She did not want Benavidez to be prosecuted but still cooperated fully with the police, indicating that she was not unduly influenced by Benavidez.

In light of these circumstances Mr. Benavidez should not receive an enhancement for unduly influencing the girl.

//

//

//

//

//

//

//

**CONCLUSION**

Defendant Charles Ray Benavidez respectfully requests that he be sentenced to a 120-month term of imprisonment. Such a sentence is reasonable and sufficient to achieve the purposes of punishment set forth at 18 U.S.C. § 3553(a).

DATED: March 10, 2014

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

*/s/ Eric V. Kersten*
ERIC V. KERSTEN
Assistant Federal Defender
Attorney for Defendant
CHARLES RAY BENAVIDEZ